IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID HAYES, individually and on behalf of all others similarly situated, Plaintiff, v. GENERAL MILLS, INC. and GENERAL MILLS SALES, INC., Defendants. | No. 19-cv-05626 Judge John F. Kness |

**MEMORANDUM OPINION AND ORDER**

Plaintiff David Hayes brings claims against Defendants General Mills, Inc. and General Mills Sales, Inc. (collectively, "General Mills") for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, common law fraud, unjust enrichment, and breach of express warranty. Hayes contends that General Mills is "intentionally labeling its food products with false and misleading claims that they contain no artificial flavors," even though those products contain the artificial flavor known as malic acid.[1] (First Amended Complaint ("FAC"), Dkt. 20 ¶ 1.) General Mills has moved to dismiss the entirety of Hayes's complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. General Mills's motion to dismiss is granted in part and denied in part. Because

---

[1] This Court has diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). Hayes alleges that the amount in controversy in this class action exceeds $5 million exclusive of interests and costs, and that at least one member of the putative class is a citizen of a state different from Defendants. General Mills does not challenge these allegations.

Hayes alleges facts to state a claim that is "plausible on its face," the motion to dismiss is denied as to Counts I-IV. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But because Hayes has not adequately alleged a likelihood of future harm, the Court grants the motion to the extent it seeks to dismiss his request for injunctive relief.

I.  BACKGROUND

General Mills manufactures, advertises, markets, sells, and distributes fruit-flavored snack food products throughout Illinois and the United States under brand names including "Fruit by the Foot," "Gushers," and "Fruit Roll-ups," among others (the "Products"). (FAC ¶¶ 5-6, 8.) Hayes asserts that General Mills violated Illinois law by "intentionally labeling its food products with false and misleading claims that they contain no artificial flavors" when in fact they contain malic acid, an artificial flavor.[2] (*Id.* at ¶ 1; Dkt. 25, Exhs. A-D.) Hayes alleges that the malic acid in the Products functions as a flavor by making them taste "tart and fruity." (FAC ¶¶ 27, 28.) As a result, Hayes contends that the Products' fruit flavors "are at least partially artificial," and that the Products' labels are thus false and misleading. (*Id.* ¶ 12.) Hayes purchased many, but not all, of the Products, and did so as recently as August 19, 2019. (*Id.* ¶¶ 10-11.)

---

[2] "Malic acid" can refer to either L-malic acid, which occurs naturally in certain foods, or racemic DL-malic acid, which is commercially manufactured and thus considered artificial. *See* 21 C.F.R § 184.1069(a). Plaintiff alleges the malic acid in the Products is the DL-malic acid variety. (FAC ¶ 12.) The Court, for the sake of simplicity, will use the general term "malic acid" to describe the DL-malic acid contained in the Products.

2

Based on these allegations, Hayes filed a putative class action complaint against General Mills on August 21, 2019. (Dkt. 1.) Hayes amended his complaint on October 8, 2019 and brings four claims under Illinois law: (1) violations of the ICFA (Count I); (2) common law fraud (Count II); (3) unjust enrichment (Count III); and (4) breach of express warranty (Count IV). (FAC ¶ 1.) Hayes seeks both injunctive relief and money damages. (*Id.* at 23.) General Mills now moves to dismiss all four claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 23.)

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint generally need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (cleaned up). The Seventh Circuit has explained that this rule "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

A motion under Rule 12(b)(6) "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). These allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although legal conclusions are not entitled to the assumption of truth, *Iqbal*, 556 U.S. at 678-79, the Court, in evaluating a motion to dismiss, must accept as true the complaint's factual allegations and draw reasonable inferences in the plaintiff's favor. *Ashcroft v. al-Kidd*, 562 U.S. 731, 742 (2011).

Rule 12(b)(1) allows defendants to press "a facial challenge" to subject matter jurisdiction, which tests whether the complaint includes sufficient factual allegations to establish subject matter jurisdiction. *Silha v. ACT, Inc.*, 807 F.3d 169, 173-74 (7th Cir. 2015). In evaluating such challenges, "a court should use *Twombly-Iqbal's* 'plausibility' requirement, which is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

### III. DISCUSSION

#### A. ICFA Claim

In Count I, Hayes alleges that General Mills violated the ICFA by intentionally and falsely labeling the Products as containing no artificial flavors, when in fact they contain malic acid, which Hayes contends functions as a flavor in the Products. (FAC ¶¶ 73-80.) To state a claim under the ICFA, Hayes must allege (1) a deceptive act or practice by General Mills; (2) General Mills's intent that Hayes rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce; and (4) actual damage to Hayes; (5) that was proximately caused by the

4

deception. *See Eromon v. Grand Auto Sales, Inc.*, 351 F. Supp. 2d 825, 827 (N.D. Ill. 2004) (citing *Oliveira v. Amoco Oil Co.*, 776 N.E.2d 151, 160 (Ill. 2002)).

To establish that General Mills engaged in a "deceptive act or practice" (the first element of an ICFA claim), Hayes must "allege conduct that plausibly could deceive a reasonable consumer." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig.*, 275 F. Supp. 3d 910, 920-21 (N.D. Ill 2017) (citing *Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1031 (Ill. App. Ct. 2014)). Under this "reasonable consumer" standard, the "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp.*, 396 F.3d 869, 884 (7th Cir. 2005). The Court must "dismiss an ICFA claim at the pleading stage if the statement is 'not misleading as a matter of law.'" *Fuchs v. Menard, Inc.*, No. 17-cv-01752, 2017 WL 4339821, at *3 (N.D. Ill. Sep. 29, 2017) (citing *Ibarrola v. Kind*, 83 F. Supp. 3d 751, 756 (N.D. Ill. 2015)). As is often the case, however, ICFA claims may "involve disputed questions of fact not suitable to a motion to dismiss[.]" *Ibarrola*, 83 F. Supp. 3d at 756.

General Mills has moved to dismiss Hayes's ICFA claim on the grounds that Hayes has not adequately alleged that the statement "no artificial flavors" on the Products' labels is deceptive to a reasonable consumer. It concedes that the malic acid in the Products is an "artificial" ingredient (Dkt. 25 at 10), but argues that the statement is not deceptive because the malic acid in the Products is not a flavor. (*Id.* at 9-10.)

Under Food and Drug Administration ("FDA") regulations, a food product must

5

be labeled "artificial" or "artificially flavored" if it "contains any artificial flavor which simulates, resembles or reinforces the characterizing flavor." 21 C.F.R. § 101.22(i)(2). FDA regulations recognize that malic acid can have a variety of functions, including as a flavor, a flavor enhancer, or a pH control agent. *Id.* § 184.1069(c). A "flavor" is "any substance, the function of which is to impart flavor." *Id.* § 101.22(a)(1). A "flavor enhancer," on the other hand, is a substance "added to supplement, enhance, or modify the original taste and/or aroma of a food, without imparting a characteristic taste or aroma of its own." *Id.* § 170.3(o)(11)

Hayes alleges malic acid functions as a flavor in the Products because it makes them taste "tart and fruity" and combines with sugar to simulate a fruit flavor. (*See* FAC ¶¶ 19, 23, 25, 28.) In General Mills's view, however, the malic acid in the Products functions as a flavor *enhancer*, not a flavor. (Dkt. 25 at 6.) It argues that the FDA regulations demonstrate that "[n]ot everything that imparts a taste in food is a flavor." (*Id.*) For example, the FDA recognizes sugar as a flavor *enhancer*, rather than a flavor by itself. *See Foods, Colors and Cosmetics*, FDA Compliance Policy Guides Manual (2015), 2001 WL 34786546, at *39 (listing sugar as a non-flavoring ingredient although it impacts flavor). As General Mills sees it, if sugar and malic acid serve the same function in the Products—to impart a tart, fruity flavor as Hayes alleges—then the malic acid, like sugar, must be a flavor enhancer, not a flavor. (Dkt. 25 at 7.) *See Viggiano v. Hansen Nat. Corp.*, 944 F. Supp. 2d 877, 889 (C.D. Cal. 2013) (sweeteners are not "flavors" because "they do not give the product an original taste—rather, they sweeten or amplify whatever characterizing flavor it has from another source").

6

But as numerous district courts have recognized, the question of whether malic acid functions as a flavor or a flavor enhancer in a particular food product is a factual dispute inappropriate for resolution on a motion to dismiss. *See, e.g., Noohi v. Kraft Heinz Co.*, No. CV 19-10658 DSF (SKx), 2020 WL 5554255, at *4 (C.D. Cal. July 20, 2020) ("The Court agrees that whether the malic acid in Crystal Light acts as a flavor or flavor enhancer is a factual dispute that cannot be resolved at this stage"); *Branca v. Bai Brands, LLC*, No. 3:18-cv-00757-BEN-KSC, 2019 WL 1082562, at *8 (S.D. Cal. Mar. 7, 2019) (whether "the malic acid in their Products functions exclusively as a pH control agent and not as a flavor" is "inappropriate for determination on a motion to dismiss") (quoting *Ivie v. Kraft Foods Global, Inc.*, No. C-12-02554-RMW, 2013 WL 685372, at *10 (N.D. Cal. Feb. 25, 2013)); *Sims v. Campbell Soup Co.*, No. EDCV 18-668 PSG (SPx), 2018 WL 7568640, at *5 (C.D. Cal. Sept. 24, 2018) ("[d]efendants' arguments that malic acid is not, or does not function as, a flavor go to disputed factual questions that the Court cannot resolve at the motion to dismiss stage"); *Allred v. Frito-Lay N. Am., Inc.*, 17-CV-1345 JLS (BGS), 2018 WL 1185227, at *5 (S.D. Cal. Mar. 7, 2018) ("Whether malic acid falls into one of these categories is also a factual determination that would be inappropriately resolved on a motion to dismiss").

A more developed record may demonstrate that the malic acid in the Products does not function as a flavor, but to make such a factual determination at this juncture would be premature. Accordingly, the Court finds that Hayes has adequately alleged that the malic acid in the Products functions as a flavor, and that the "no

7

artificial flavors" statements on the Products' labels could be deceptive to a reasonable consumer. Hayes's ICFA claim, therefore, must be allowed to proceed past the pleading stage.

### B. Common Law Claims

Hayes's claims for common law fraud, unjust enrichment, and breach of express warranty are based on the same allegedly misleading conduct as his ICFA claim. (*See* FAC ¶ 82 (fraud claim based on "false statements . . . that the Products contained no artificial flavors"); ¶ 89 (General Mills unjustly enriched "by retaining revenues derived from . . the false statements that the Products contain no artificial flavors"); ¶ 96 (General Mills made "express warranties . . . that the Products contain no artificial flavors")). Accordingly, the Parties agree that Hayes's common law claims "rise and fall with [his] ICFA claim." (Dkt. 34 at 7 n. 2.) *See Ibarrola*, 83 F. Supp. 3d at 759-61 (analyzing ICFA, fraud, and unjust enrichment claims together); *Chuang v. Dr. Pepper Snapple Grp., Inc.*, No. CV 17-01875-MWF (MRWx), 2017 WL 4286577, at *6–7 (N.D. Cal. Sept. 20, 2017) (analyzing breach of warranty and consumer protection claims together). As explained above, Hayes has adequately alleged that the malic acid in the Products functions as a flavor and that the "no artificial flavors" language on the Products' labels could be deceptive to a reasonable consumer. The Court thus finds that Hayes has also adequately stated a claim for relief as to his common law claims.

### C. Preemption

General Mills also argues that the Nutrition Labeling and Education Act of

8

1990 ("NLEA"), 21 U.S.C. § 343, preempts all four of Hayes's claims. (Dkt. 25 at 12.) The NLEA includes an express preemption provision that forbids states from imposing food labeling requirements "not identical" to the federal requirements. *See* 21 U.S.C. § 343-1(a). General Mills argues that "[Hayes's] claims are preempted because [he] fails to plausibly allege that malic acid functions as a flavor and, as such, requiring [General Mills] to disclose it as an 'artificial flavor' is contrary to federal regulations." (Dkt. 25 at 13). *See also* 21 U.S.C. § 343-1(a)(3). As General Mills contends, malic acid can serve a non-flavoring function in food, such as a pH control agent or a flavor enhancer, and "[a]bsent a plausible allegation that the malic acid in the [Products] functions as a flavor, any demand that General Mills disclose the malic acid in the Snacks as an artificial flavor is expressly preempted." (Dkt. 25 at 13). *See also* 21 C.F.R. § 184.1069(c).

To reiterate, however, whether malic acid functions as a flavor, a flavor enhancer, or a PH control agent in a food product is a question of fact inappropriate for resolution on a motion to dismiss. *See Noohi*, 2020 WL 5554255, at *4. At this stage, the Court cannot say that Hayes's arguments are preempted. *See Allred*, 2018 WL 1185227, at *3 ("it is clear there are two forms of malic acid . . . [t]hus, the Court cannot say at this stage that Plaintiffs' argument is preempted"). General Mills's motion to dismiss on preemption grounds is thus denied.

### D. Injunctive Relief

Finally, General Mills moves to dismiss Hayes's request for injunctive relief under Rule 12(b)(1) for lack of standing. (Dkt. 25 at 13-14.) To establish such

9

standing, Hayes must show a " 'real and immediate' threat of future violation of [his] rights[.]" *Scherr v. Marriott Int'l, Inc.,* 703 F.3d 1069, 1074 (7th Cir. 2013) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)). Both the Seventh Circuit and other federal courts in Illinois have denied requests for injunctive relief where a plaintiff alleges he was deceived into purchasing a product he did not want and, because of the alleged fraud, would be unlikely to purchase the product again. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir. 2014) ("[s]ince [the plaintiff] is now aware of [the defendant's] sales practices, he is not likely to be harmed by the practices in the future . . . [and] is not entitled to injunctive relief"); *Burton v. Hodgson Mill, Inc.*, No. 16-cv-1081-MJR-RJD, 2017 WL 1282882, at *7 (S.D. Ill. Apr. 6, 2017) (named plaintiff in putative class action did not have standing to seek injunctive relief where she was "unlikely to purchase [the defendant's] product again if she is truly harmed and deterred by their advertising conduct").

Hayes alleges he would not have purchased the Products had he been aware of the alleged fraud and deception. (FAC ¶¶ 16, 56.) Now that Hayes is aware of General Mills's conduct, it is unlikely that he will purchase the Products again. This is fatal to his claim for injunctive relief. *See Bohn v. Boiron, Inc.*, No. 11 C 08704, 2013 WL 3975126, at *3 (N.D. Ill. Aug. 1, 2013) (plaintiff did not have Article III standing after maintaining she would not have purchased defendants' products "had she known the truth about [d]efendants' misrepresentations and omissions") (cleaned up).

Hayes also contends he has standing to seek an injunction because other members of the proposed class are likely to suffer harm. (Dkt. 29 at 16.) But Hayes

10

"cannot rely on the prospect that other consumers may be deceived by [General Mills's] product[s] to show that [he] has standing to pursue injunctive relief." *Bohn*, 2013 WL 3975126, at *3 (citing *Campbell v. Miller*, 373 F.3d 834, 836 (7th Cir. 2004)). Accordingly, Hayes has failed to plead sufficient facts to show a likelihood of personal future harm and thus does not have standing to seek injunctive relief at this time. The Court thus grants the motion to dismiss with respect to Hayes's request for injunctive relief.

## IV. CONCLUSION

For the reasons provided above, General Mills's motion to dismiss is granted in part and denied in part. The Court denies the motion with respect to Counts I-IV but grants the motion to the extent it seeks to dismiss Hayes's request for injunctive relief.

SO ORDERED in No. 19-cv-05626.

Date: July 29, 2021

                                                                                          *[signature]*
                                                                                          JOHN F. KNESS
                                                                                          United States District Judge

11